UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie Karjala,                                                              Case No. 05-718 (RHK/FLN)

          Plaintiff,

vs.                                                                                    **REPORT AND**
                                                                                                                      **RECOMMENDATION**

Jo Anne B. Barnhart,
Commissioner of
Social Security,

          Defendant.

___

Thomas Krause and Ethel Schaen for Plaintiff.
Lonnie F. Bryan for the Government.

___

## I. INTRODUCTION

**THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff Julie Karjala's motion for an award of attorney's fees and legal costs [#43] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,513.94.

Plaintiff asserts that she is entitled to an award of attorney's fees under EAJA because Plaintiff is the prevailing party in this case and because the Commissioner's position was not substantially justified. The Government does not dispute the fact that Plaintiff is the prevailing party or the amount of attorney's fees and legal costs requested by the Plaintiff, rather the Government opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI") payments on November 27, 2001, alleging she had a disability onset date of December 31, 1998, due to degenerative cervical disc disease status post an anterior cervical discectomy and fusion. The Social Security Administration denied both applications for DIB initially and upon reconsideration. Pursuant to Plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael D. Quayle on May 13, 2003. On July 24, 2003, the ALJ issued an unfavorable decision denying her benefits. Plaintiff appealed the unfavorable ALJ's decision and the Appeals Council granted her request for review of the ALJ's decision by vacating the ALJ's decision and remanding the case back to the ALJ for further proceedings on several issues that it identified in its order. The second administrative hearing was held before ALJ Michael D. Quayle on February 12, 2004. On August 26, 2004, the ALJ issued an unfavorable decision.

On April 8, 2005, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying her application for DIB and SSI. On July 6, 2006, the undersigned issued a Report and Recommendation, reversing the Commissioner's decision. See Report and Recommendation ("R&R") [ #37]. Defendant filed an objection to the R&R [#38]. District Court Judge Kyle overruled Defendant's objections, adopted the R&R and remanded the case for the calculation and payment of benefits in an Order dated August 31, 2006 [#40]. The Court reversed the ALJ's decision because the ALJ did not give good reasons for disregarding the opinions of Dr. Anderson, Plaintiff's treating physician. See R&R 32-43.

### III.  DISCUSSION OF LAW

**A.      Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). Furthermore, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. *See,* 28 U.S.C. §2412(d)(2)(B). The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the statute. Therefore, the determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether or not the Commissioner's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving her litigation position was "substantially justified." *Id.; Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter*, 941 F.2d at 676 (*citing Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well- founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. *Pierce,* 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.; Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

*Id*. (internal citations omitted).

Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. *See id.*

**B.    Analysis of Entitlement to Fees Under EAJA.**

The position of the Commissioner was not substantially justified because the ALJ improperly disregarded the opinion of the treating physician regarding Plaintiff's need to alternate positions frequently. As noted in the Report and Recommendation, the ALJ failed to address Dr. Anderson's opinion when determining the Plaintiff's RFC. R & R at 37. The ALJ clearly acted contrary to "[t]he regulations require[ment] that the ALJ 'always give good reasons' for the weight afforded to a treating physician's evaluation." Reed v. Barnhart, 399 F.3d 917, 921(8 th Cir. 2005) (quoting 20 CFR 404.1527(d)(2)).

The Commissioner argues that the ALJ did not have to explicitly reject the opinion that the Plaintiff needed to alternate positions. Furthermore, the Commissioner argues that the record is inconsistent with the treating physician's opinion because the examining and reviewing physicians did not mention this restriction. Such an implicit rejection of the treating physician's opinion clearly falls short of the requirement that the ALJ must give good reasons for rejecting the treating physicians opinion.

The Commissioner also argues the hypothetical posed by the ALJ accurately described the Plaintiff's limitations, which is all that is required by the Eighth Circuit. Harwood v. Apfel, 186 F.3d 1039, 1044 (8th Cir. 1999). However, the Plainitiff's limitations were clearly inaccurate given the ALJ's unsupported decision to omit the requirement that the Plaintiff needed to frequently alternate positions.

The Commissioner is not substantially justified in relying on the ALJ's opinion regarding

Plaintiff's limitation. The record clearly shows that the treating physician held such an opinion and the ALJ provided no reason, much less good reason, for rejecting the opinion.

### IV.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Julie Karjala's motion for an award of attorney's fees and legal costs [#43] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) be **GRANTED**  in the amount of $5,513.94.


DATED: April 20, 2007.                                *s/ Franklin L. Noel*
                                                                         FRANKLIN L. NOEL
                                                                         UNITED STATES MAGISTRATE JUDGE


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 10, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.